## Timothy Peaceable lessee of Benjamin Bioren *against* Jacob Keep.

Nonsuit set aside, because the judge who tried the cause refused a deed in evidence which respected the same lands, and was duly proved.

EJECTMENT for lands in Amity township, in Berks county, tried before Mr. Justice Smith, at the last May assizes at Reading. It was admitted on the trial, that one Mountz Jones was seized of the premises in fee. It appeared by the deposition of Peter Leikens, taken under a commission, that Mountz Jones had conveyed the premises to Andrew Leikens and his wife for their lives, remainder to the deponent, his heirs and assigns, by deed of gift. The deed was delivered to the said Andrew, and the deponent often saw it, and had it in his possession a considerable time. In 1732 the deponent on examining the papers of the said Andrew, saw the deed for the last time, and read it, and laid it on a bed behind him. Ben*jamin Boone, (who married Susannah, the daugh- [*441 ter of the said Andrew, and sister of this deponent, and under whom the defendant claims,) was in company with him at this time, and immediately disappeared. The deponent looked for the deed directly, but could not find it, and strongly suspected that Boone had taken it. Mary, the daughter of this deponent, intermarried with Benjamin Bioren, and had a son named Benjamin, the lessor of the plaintiff.

This deposition was overruled by the judge on two grounds. 1st, That he was the vendor, and no release had been executed to him; and 2d, Principally, because no notice had been given to the defendant himself, to produce the deed, he claiming under Boone, of whom there was a violent presumption that he had surreptitiously taken away the deed in 1732.

The conveyance from the said Peter Leikens to Benjamin Bioren his son in law, dated 9th July 1771, was then offered in evidence by the plaintiff. The consideration contained therein, was natural love and affection, and 20s. paid. It contained a special covenant of warranty, against the grantor and his heirs, and those claiming under him or them. This was also overruled in evidence, as it did not appear that Peter Leikens the grantor, had any title.

The plaintiff was nonsuited, and the two points reserved. 1st, Whether the deposition proving the existence, loss, and contents of the first deed, no notice having been given to the defendant to produce it, ought to have been received in evidence. 2dly, Whether the second deed, under the whole circumstances, ought not to have gone to the jury.

Mr. Ingersoll for the plaintiff, at the last term moved to set aside the nonsuit for misdirection of the judge. On the first point he urged, that the general rule was, that if the best

I YEATES—27

[Bioren's Lessee *v.* Keep.]

evidence which the nature of the case will admit of, cannot possibly be had, then the best evidence that can be had, shall be allowed. 3 Bl. Com. 368. By the deed produced, it appears that Peter Leikens made no general warranty to the father of the lessor of the plaintiff, and a vendor of lands is a witness concerning the title, when there is no covenant of warranty. Gilb. Law Evid. 133. 1 Stra. 445. 1 Sid. 51. One is not excluded from giving testimony, unless immediately interested in the event of the suit, or unless the verdict may be given in evidence for or against him, in another suit. 3 Term Rep. 27, 32, 33, 36, 308. The bare possibility of an action being brought against a witness, is no objection to his competency. To repel him, it is necessary to prove

*442] that he must derive a certain benefit from the *suit's being determined in one way or the other. 1 Term Rep. 164. A creditor having sold his chance of recovering his debt, is a good witness to support a commission of bankrupt. 2 Black. Rep. 1273. 2 Espin. 356, (1st edit.) S. C.

As to the notice to the defendant to produce the deed, it does not appear with certainty that Boone took the deed away, and that fact should have been left to the jury. If he really took it, he would not have delivered it to his vendee, as it might have created doubts concerning the validity of his title, and therefore no notice was necessary. But admit the fact to be otherwise, the law prescribes no certain form of notice, and the interrogatories annexed to the commission amounted to a virtual notice to the defendant, or his attorney, to produce the deed at the trial, if he was possessed of it.

On the second point, it is settled, that the court cannot hinder the reading of a deed under seal. What use is to be made of it, is another thing. 6 Mod. 45. Ford *v.* Grey. [S. C. 1 Salk. 285, but S. P. does not appear.] This doctrine is fully recognized in this court, where the deed is duly proved. Dall. 64, 69. It is not meant to carry this point to the extravagant length, that any deeds whatever or any number of deeds, though no ways connected with the matter in question, should be read in evidence; but it is contended, that where the deed respects the lands in dispute, and is duly proved, the court will not refuse its going to the jury, subject to the court's animadversions on its legal operation. [See 3 Com. Dig. 279.]

The Chief Justice now delivered the opinion of the court on the second point, that the deed from Peter Leikens to Benjamin Bioren, duly proved, for the lands in question, ought to have been received in evidence, and read to the jury; the judge should pronounce afterwards upon its legal operation. This point had been now settled so long, that it could not be questioned; and the court accordingly set aside the nonsuit, without giving any opinion on the first reserved point.

[Bioren's Lessee v. Keep.]

Smith, J. expressed his dissent. He found no reason to alter the opinion he had first formed, on due reflection. Courts of justice were equally bound to decide on the propriety of admitting deeds in evidence, as of any oral testimony.

Nonsuit set aside, and a new trial awarded.

Probably overruled by Faulkner v. Eddy, 1 Binn., 188. See also Hook v. Long, 10 S. & R., 9.